FILED
May 21, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002649711

1  BRIAN A. PAINO (CA SBN 251243)
   JOSEPH C. DELMOTTE (CA SBN 259460)
2  PITE DUNCAN, LLP
   4375 Jutland Drive, Suite 200
3  P.O. Box 17933
   San Diego, CA 92177-0933
4  Telephone: (858) 750-7600
   Facsimile: (619) 590-1385
5
   Attorneys for JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, AS
6  SUCCESSOR-IN-INTEREST TO WASHINGTON MUTUAL BANK, F/K/A
   WASHINGTON MUTUAL BANK, FA
7

8

9              UNITED STATES BANKRUPTCY COURT

10        EASTERN DISTRICT OF CALIFORNIA - FRESNO DIVISION

| | |
|---|---|
| 11 In re | Case No. 09-62577-A |
| 12 CONRAD J. CASTELLINO AND DOREEN J. CASTELLINO, | Chapter 7 |
| 13 | D.C. No. PD-1 |
| 14 Debtor(s). | MOTION FOR RELIEF FROM AUTOMATIC STAY AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF (11 U.S.C. § 362 and Bankruptcy Rule 4001) |
| 17 JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, AS SUCCESSOR-IN-INTEREST TO WASHINGTON MUTUAL BANK, F/K/A WASHINGTON MUTUAL BANK, FA, | LBR 4001-1 and 9014-1(f)(1) |
| | DATE: June 22, 2010<br>TIME: 1:30 p.m.<br>CTRM: 11 |
| 20 Movant, | |
| 21 vs. | 2500 Tulare Street,<br>Fresno, CA 93721-1318 |
| 22 CONRAD J. CASTELLINO AND DOREEN J. CASTELLINO, Debtor(s); JAMES EDWARD SALVEN, Chapter 7 Trustee, | |
| 24 Respondents. | |

26 /././
27 /././
28 /././

-1-

MOTION FOR RELIEF FROM AUTOMATIC STAY

JPMorgan Chase Bank, National Association, as Successor-in-Interest to Washington Mutual Bank, f/k/a Washington Mutual Bank, FA1 ("Movant"), moves this court for an order terminating the automatic stay of 11 U.S.C. § 362 as to Movant, so that Movant may commence and continue all acts necessary to enforce its security interest in real property generally described as 5273 Hornitos Rd, Cathey's Valley, California 95306.

On or about December 24, 2009, Conrad J. Castellino and Doreen J. Castellino ("Debtors") filed a voluntary petition under Chapter 7 of the Bankruptcy Code and received their discharge on April 6, 2010. As a result of said filing, certain acts and proceedings against the Debtors and the bankruptcy estate are stayed as provided in 11 United States Code section 362.

Movant moves this court for relief from stay under 11 U.S.C. §§ 362(d)(1) and 362(d)(2).

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**
**MOVANT IS ENTITLED TO RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362(d)(2).**

**NO EQUITY**

11 U.S.C. § 362(d)(2) provides that relief from the automatic stay shall be granted if the debtor does not have any equity in the property and the property is not necessary to the debtor's effective reorganization.

In In re San Clemente Estates, 5 B.R. 605 (Bankr. S.D. Cal. 1980), the court stated that:
> § 362(d)(2) reflects congressional intent to allow creditors to immediately proceed against the property where the debtor has no equity and it is unnecessary to the reorganization, even where the debtor can provide adequate protection under § 362(d)(1). (Emphasis added).

Id. at 610 (emphasis added).

In In re Mikole Developers, Inc., 14 B.R. 524, 525 (Bankr. E.D. Pa. 1981), the court stated that in determining whether equity exists in the property for purposes of § 362(d)(2), all

---
[1] This Motion for Relief from Automatic Stay shall not constitute a waiver of the within party's right to receive service pursuant to Fed. R. Civ. P. 4, made applicable to this proceeding by Fed. R. Bankr. P. 7004, notwithstanding Pite Duncan, LLP's participation in this proceeding. Moreover, the within party does not authorize Pite Duncan, LLP, either expressly or impliedly through Pite Duncan, LLP's participation in this proceeding, to act as its agent for purposes of service under Fed. R. Bankr. P. 7004.

MOTION FOR RELIEF FROM AUTOMATIC STAY

encumbrances are totalled, whether or not all the lienholders have joined in the request for relief from stay. The Ninth Circuit has concurred with this view in <u>Stewart v. Gurley</u>, 745 F.2d 1194 (9th Cir. 1984).

An appropriate cost of sale factor should also be added to determine if the debtor has any equity in the property. <u>La Jolla Mortgage Fund v. Rancho El Cajon Associates</u>, 18 B.R. 283, 289 (Bankr. S.D. Cal. 1982).

On or about August 1, 2003, Debtors, for valuable consideration, made, executed and delivered to the original beneficiary Washington Mutual Bank, FA (hereinafter "WAMU") a Note in the principal sum of $328,135.00 (the "Note"). Pursuant to the Note, Debtors are obligated to make monthly principal and interest payments commencing October 1, 2003, and continuing until September 1, 2033, when all outstanding amounts are due and payable. The Note provides that, in the event of default, the holder of the Note has the option of declaring all unpaid sums immediately due and payable. A true and correct copy of the Note is attached to the concurrently served and filed Exhibits to the Declaration in Support of Motion for Relief From Automatic Stay ("Exhibits") as exhibit A and incorporated herein by reference.

On or about August 1, 2003, the Debtors made, executed and delivered to WAMU a Deed of Trust (the "Deed of Trust") granting WAMU a security interest in real property commonly described as 5273 Hornitos Rd, Cathey's Valley, California 95306 (the "Real Property"), which is more fully described in the Deed of Trust. The Deed of Trust provides that attorneys' fees and costs incurred as a result of the Debtors' bankruptcy case may be included in the outstanding balance under the Note. The Deed of Trust was recorded on August 11, 2003, in the Official Records of Mariposa County, State of California. A true and correct copy of the Deed of Trust is attached to the Exhibits as exhibit B and incorporated herein by reference.

On or about September 25, 2008, WAMU was closed by the Office of Thrift Supervision and the FDIC was named receiver. As authorized by Section 11(d)(2)(G)(i)(II) of the Federal Deposit Insurance Act, 12 U.S.C. Section 1821(d)(G)(i)(II), the FDIC, as receiver of WAMU, may transfer any asset or liability of WAMU without any approval, assignment, or consent with respect to such transfer. Pursuant to the terms and conditions of a Purchase and Assumption Agreement between the

MOTION FOR RELIEF FROM AUTOMATIC STAY

FDIC as receiver of WAMU and Movant dated September 25, 2008, Movant acquired certain of the assets, including all loans and all loan commitments of WAMU. As a result, on September 25, 2008, Movant became the owner of the loans and loan commitments of WAMU.

The obligation under the Note is in default as of, for failure to make payments to Movant. As of April 30, 2010, the total obligation due and owing under the Note is in the approximate amount of $307,936.62, representing the principal balance of $299,666.75, interest in the sum of $2,740.70, escrow advances in the amount of $5,116.97, late charges in the amount of $387.20, and other fees in the amount of $25.00. This is an approximate amount for purposes of this Motion only, and should not be relied upon as such to pay off the subject loan as interest and additional advances may come due subsequent to the filing of the Motion. An exact payoff amount can be obtained by contacting Movant's counsel. Further, Movant has incurred additional post-petition attorneys' fees and costs in bringing the instant Motion. Moreover, the total arrears under the Note are in the approximate sum of $8,130.71, excluding the post-petition attorneys' fees and costs incurred in filing the instant Motion.

## II.

## **RELIEF FROM STAY**

## **LACK OF EQUITY AND SURRENDER**

Movant is informed and believes that, based on the Debtors' bankruptcy Schedules and Statements, the fair market value of the Property is approximately $295,000.00. True and correct copies of the Debtors' bankruptcy Schedules "A" and "D" are collectively attached to the Exhibits as exhibit C and incorporated herein by reference.

Based on the above, Movant maintains that the equity in the Property is as follows:

| | |
|---|---|
| Fair Market Value: | $250,000.00 |
| Less: | |
|   Movant's Trust Deed | $307,936.62 |
|   Costs of Sale (8%) | $20,000.00 |
| Equity in the Property: | $<77,936.62> |

As a result, there is no equity in the Property for the bankruptcy estate. Moreover, since this is a Chapter 7 proceeding, there is no reorganization in prospect. As a result, Movant is entitled to

MOTION FOR RELIEF FROM AUTOMATIC STAY

relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(2).

Debtors' Statement of Intent indicates it is the intent of the Debtors to surrender the Real Property in full satisfaction of Movant's secured claim. A true and correct copy of the Debtors' Statement of Intent is attached to the Exhibits as exhibit D and incorporated herein by reference

### III.
### MOVANT IS ENTITLED TO RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362(d)(1).

### CAUSE - LACK OF ADEQUATE PROTECTION

Pursuant to the provisions of 11 U.S.C. §§ 361 and 362(d)(1), Movant is entitled to adequate protection of its interest in the Property.

Movant submits that adequate protection in this case requires normal and periodic cash payments, as called for by the Note, plus the repayment of any and all delinquent amounts owed to Movant, including all attorneys' fees and costs incurred in the filing of this motion.

Movant is informed and believes that Debtors are presently unwilling or unable to provide adequate protection to the Movant and there is no probability that adequate protection can be afforded to Movant within a reasonable time.

By reason of the foregoing, Movant is entitled to relief from stay under 11 U.S.C. § 362(d)(1), based upon the failure of Debtors to provide adequate protection to Movant.

WHEREFORE, Movant respectfully prays for an Order of this court as follows:

1. Terminating the automatic stay of 11 U.S.C. § 362, as it applies to the enforcement by Movant of all of its rights in the Real Property under the Note and the Deed of Trust;

2. That the 14-day stay described by Bankruptcy Rule 4001(a)(3) be waived;

3. Granting Movant leave to foreclose on the Real Property and to enforce the security interest under the Note and the Deed of Trust, including any action necessary to obtain possession of the Property;

4. Permitting Movant to offer and provide Debtors with information re: a potential Forbearance Agreement, Loan Modification, Refinance Agreement, or other Loan Workout/Loss Mitigation Agreement, and to enter into such agreement with Debtors;

MOTION FOR RELIEF FROM AUTOMATIC STAY

5.      Alternatively, in the event this court declines to grant Movant the relief requested above, Movant requests that an Order for adequate protection be issued, requiring the Debtors to reinstate and maintain in a current condition all obligations due under the Note and Deed of Trust and all other deeds of trust encumbering the Real Property, including Debtors' obligations to pay when due (a) the monthly installments of principal and interest, as required under the Note; (b) tax/insurance obligations; and (c) any sums advanced by Movant on behalf of Debtors in order to protect Movant's interest in the Real Property, including all attorneys' fees and costs incurred in the filing of this motion;

6.      That the attorneys' fees and costs incurred by Movant for filing the instant Motion be included in the outstanding balance of the Note as allowed under applicable non-bankruptcy law; and

7.      For such other and further relief as the court deems just and proper.

Dated: May 21, 2010                              PITE DUNCAN, LLP

/s/ JOSEPH C. DELMOTTE (CA SBN 259460)
JOSEPH C. DELMOTTE
Attorneys for JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, AS SUCCESSOR-IN-INTEREST TO WASHINGTON MUTUAL BANK, F/K/A WASHINGTON MUTUAL BANK, FA

MOTION FOR RELIEF FROM AUTOMATIC STAY